FILED
United States Court of Appeals
Tenth Circuit

March 30, 2010

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

YINGWEI SHEN,

      Petitioner,

v.

ERIC H. HOLDER, JR.,
United States Attorney General,

      Respondent.

No. 09-9525
(Petition for Review)

---

**ORDER AND JUDGMENT**[*]

---

Before **HARTZ**, **McKAY**, and **ANDERSON**, Circuit Judges.

---

Yingwei Shen petitions for review of a final order of removal entered by

the Board of Immigration Appeals (BIA). We dismiss the petition for lack of

jurisdiction.

Ms. Shen is a native and citizen of the People's Republic of China. She

was admitted to the United States in 1995 on a non-immigrant visa. She married

---

[*]     After examining the briefs and appellate record, this panel has determined
unanimously to grant the parties' request for a decision on the briefs without oral
argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore
ordered submitted without oral argument. This order and judgment is not binding
precedent, except under the doctrines of law of the case, res judicata, and
collateral estoppel. It may be cited, however, for its persuasive value consistent
with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

another Chinese national who was living in the United States without legal immigration status, and by 1999 she had two children with him, who are United States citizens. She filed an asylum application in 2007 based on her fear of forced sterilization if she returned to China because she had violated China's one-child law. She also expressed a fear of persecution due to her Roman Catholic faith. In addition, she sought restriction on removal and protection under the United Nations Convention Against Torture (CAT) on the same grounds. After an asylum officer denied her application, the case was referred to an immigration judge (IJ) in connection with a Notice to Appear charging her as removable as an admitted alien who overstayed her non-immigrant visa. *See* 8 U.S.C. § 1227(a)(1)(B).

At a hearing before the IJ, Ms. Shen conceded removability but renewed her requests for asylum, restriction on removal, and CAT relief. The timeliness of her asylum application was among the hearing topics. By statute, an asylum application must be filed within one year after an alien arrives in the United States, *see* 8 U.S.C. § 1158(a)(2)(B), unless the applicant demonstrates "either the existence of changed circumstances which materially affect the applicant's eligibility for asylum or extraordinary circumstances relating to the delay in filing an application within the period specified in [§ 1158(a)(2)(B)]," *id.* § 1158(a)(2)(D). Ms. Shen testified that she did not file her asylum application within one year of her 1995 arrival because she became eligible only after the

birth of her second child in 1999. She explained that she then waited until June 2007 to file her asylum application because of a pending employment-based application to adjust status, which was denied in 2006. She also claimed that after the denial of her adjustment application, further delay was due to difficulty finding an attorney who could speak Chinese.

The IJ considered this testimony not credible because it conflicted the reasons Ms. Shen gave at her asylum interview—that she simply did not know about asylum at first, and that she did not speak English. The IJ also considered it implausible that she could not find a Chinese-speaking attorney despite living in the country for over seven years, and that this excuse for delay was inconsistent with the fact that she had purchased a house in the United States, apparently in 2001, which indicated competency in the conduct of her affairs in the United States. Nonetheless, the IJ determined that even if Ms. Shen was credible as to why she did not file for asylum for more than seven years after her second child was born, none of her reasons qualified as extraordinary circumstances justifying her late filing. Accordingly, the IJ concluded that Ms. Shen's asylum application was untimely. In the alternative, the IJ considered her claims on the merits, finding she was not entitled to asylum, restriction on removal, or CAT relief. The BIA affirmed on all points, and this petition ensued.

We have not detailed the merits of Ms. Shen's claims for relief from removal because this petition for review involves two determinative procedural

flaws.  First, by statute, this court does not have jurisdiction to review a

§ 1158(a)(2)(D) determination that an alien failed to show changed or

extraordinary circumstances justifying the delayed filing of an asylum

application.  *See* 8 U.S.C. § 1158(a)(3).  That statutory jurisdictional bar has been

abrogated by 8 U.S.C. § 1252(a)(2)(D),[1] but only "to the extent a petitioner's

challenge to a timeliness determination raises a constitutional claim or question of

law."  *Diallo v. Gonzales*, 447 F.3d 1274, 1281 (10th Cir. 2006).  Factual and

discretionary determinations regarding the untimeliness of an asylum application

remain beyond this court's jurisdiction.  *Id.*

On the timeliness issue, Ms. Shen has argued only that her testimony was

credible and that she filed her asylum application within a reasonable time after

the denial of her application to adjust status.  The credibility issue is immaterial

because the IJ disregarded his adverse credibility finding in determining that

Ms. Shen had not established extraordinary circumstances justifying her late

filing.  More importantly, her argument that her pending adjustment application

excused her delay does not raise a constitutional claim or question of law, so we

lack jurisdiction to review it.  *See Ferry v. Gonzales*, 457 F.3d 1117, 1129-30

(10th Cir. 2006) (holding that even after the enactment of § 1252(a)(2)(D), this

---

[1]     Section 1252(a)(2)(D) provides:  "Nothing in subparagraph (B) or (C), or in
any other provision of this chapter (other than this section) which limits or
eliminates judicial review, shall be construed as precluding review of
constitutional claims or questions of law raised upon a petition for review filed
with an appropriate court of appeals in accordance with this section."

court lacks jurisdiction to consider the argument that a pending adjustment application qualifies as a changed or extraordinary circumstance excusing an untimely asylum application). Because we lack jurisdiction to review the agency's determination that Ms. Shen's asylum application was untimely, it follows that we cannot address its alternate determination that the application was not meritorious.

The second critical procedural flaw in Ms. Shen's petition concerns her requests for restriction on removal and CAT relief, neither of which are subject to the timeliness concerns applicable to asylum applications. In her petition for review and supporting brief, she has not raised any challenge to the agency's denial of those forms of relief from removal. Accordingly, she has waived her right to review of those claims. *See Jurado-Gutierrez v. Greene*, 190 F.3d 1135, 1147 n.11 (10th Cir. 1999).

The petition for review is dismissed for lack of jurisdiction.

Entered for the Court


Monroe G. McKay
Circuit Judge